**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                    **4:04-CR-00035-05-BRW**

**DARRYL WALKER**

**ORDER**

Defendant's Motion for Relief Under Rule 59(e) Motion to Vacate, Set Aside, or Correct his sentence under 28 U.S.C. § 2255 (Doc. No. 658) is DENIED.

Defendant argues that the February 9, 2016 Order denying is § 2255 relief is in error because it failed to consider that his actual innocence claim would toll the statute of limitations. Defendant's "actual innocence" claim is that, under *Rosemond v. U.S.*,[1] he did not have the required state-of-mind to aid and abet the possession of a firearm in a drug trafficking offense which resulted in the death of another person. However, *Rosemond* was issued seven years after Defendant's conviction, and was not made retroactive to cases on collateral review.[2] Furthermore, Plaintiff claim is one for legal innocence under the state-of-mind ruling in *Rosemond*, not factual innocence. Even if *Rosemond* were retroactive, the tolling exception cited by Defendant would not apply because the "the fundamental miscarriage of justice exception involves claims of actual innocence, as opposed to legal innocence."[3]

IT IS SO ORDERED this 24th day of February, 2016.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[1] 134 S. Ct. 1240 (2014).

[2] See *Montana v. Cross*, No. 14–CV–1019, 2014 WL 5091708, at *3 (S.D. Ill. Oct. 10, 2014) (collecting cases).

[3] *Narcisse v. Dahm*, 9 F.3d 38 (8th Cir. 1993).

1