**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                        **4:04-CR-00035-05-BRW**

**DARRYL WALKER**

**ORDER**

For the reasons set out below, Defendant's Motion for Reconsideration (Doc. No. 690) is

DENIED.

**I.      BACKGROUND**

On October 13, 2006, Defendant pled guilty to aiding and abetting the use of a firearm

during a drug trafficking crime that resulted in the death of another person.[1]  In November 2007,

he was sentenced to 288 months in prison.[2]

**II.     DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit

less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that

release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must

first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4]

---

[1]Doc. No. 292.

[2]Doc. Nos. 421, 422.

[3]18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the
offense, afford adequate deterrence, protect the public, and provide the defendant with
appropriate rehabilitation.

[4]See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark.
May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

Defendant asserts that he has repeatedly requested compassionate release from the warden, but has not received a response.  Since thirty days have passed since his last request, I will assume I have jurisdiction.

In support of his motion, Defendant alleges that being African-American and his "medical conditions" put him at a higher risk of suffering from COVID-19.  First, unspecified medical conditions and rhabdomyolysis are not "extraordinary and compelling" reasons to support his release.  Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5]  General, unspecified medical conditions and rhabdomyolysis are not listed.  None of the other factors (age at time of offense, mental development, letters of recommendation, rehabilitation, etc.) cited by Defendant warrant compassionate release in this case.  Furthermore, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[6]  Third, Defendant is 36 years old and has served about 70% of his sentence, which means he does not meet the age and minimum served-time requirements under the Guidelines.

---

[5]Of course, this list predates the COVID-19 outbreak.  U.S.S.G § 1B1.13 cmt. n. 1.  The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[6]*United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Since age 18, Defendant has eight convictions, but they were all relatively minor until this offense.  However, the relevant conduct for the instant offense must also be considered. Defendant aided and abetted an individual in the lengthy torture and eventual killing of another person.  Defendant's current sentence reflects the severity of torturing and killing someone.

## CONCLUSION

For the reasons set out above, Defendant's Motion for Reconsideration (Doc. No. 690) is DENIED.

IT IS SO ORDERED, this 12th day of August, 2020.

Billy Roy Wilson
UNITED STATES DISTRICT JUDGE